# EXHIBIT NO. 16

# MARCUS & BONSIB
ATTORNEYS AT LAW
CAPITAL OFFICE PARK
6411 IVY LANE
SUITE 116
GREENBELT, MARYLAND 20770

BRUCE L. MARCUS
ROBERT C. BONSIB
TARA A. HARRISON
JOSEPH A. COMPOFELICE, JR.

301-441-3000
FACSIMILE 301-441-3003

March 1, 2006

*VIA E-MAIL AND REGULAR MAIL*

Rebecca Chaiken
Senior United States Probation Officer
United States Probation Office
300 South Fourth Street
Suite 406
Minneapolis, Minnesota 55415

Re: United States v. Larry McPhillips
    Case No. 05CR00398(JNE)

Dear Ms. Chaiken:

Mr. McPhillips and I have reviewed the draft of the Pre-Sentence Investigation and the following are our comments:

Page F2 – Paragraph 2; Page 2 – Paragraph 13; Page 14 – Paragraph 82: Mr. McPhillips agrees that the amount of the money diverted from Digital River was $109,395.70. That, however, is not necessarily the amount of restitution as there is still uncertainty as to whether Digital River may have recouped some or all of this amount from Innuity. Mr. McPhillips contends that no restitution is owed to Innuity and that Innuity is indebted to Mr. McPhillips. To the extent that Digital River was not reimbursed or other able to recoup that amount, Mr. McPhillips would agree that restitution to Digital River was appropriate. Paragraphs 19 & 20 of the PSR fairly state Mr. McPhillips' position regarding this issue.

Page 2 – Paragraph 9: Mr. McPhillips notes that "Digital River did not continue to employ McPhillips" is stated in this paragraph. Instead it should read that Mr. McPhillips continued to work part-time consulting for Digital River for a period of time after its acquisition of CCNow from Innuity.

Page 3 – Paragraph 15: As previously noted, Mr. McPhillips contends that when the entirety of the business relationship between him and Innuity is considered that

Letter to Rebecca Chaiken
March 1, 2006
Page two

Innuity did not sustain any financial loss and that it was Mr. McPhillips who suffered a loss as a result of that business relationship.

Page 4 – Paragraph 24: Mr. McPhillips contends that the loss should be calculated based upon the $109,000 diverted from Digital River and that, therefore, this Specific Offense Characteristic result in an 8 level and not a 14 level increase.

Page 4 – Paragraph 25: Mr. McPhillips contends that the conduct he engaged in when he diverted the funds from Digital River was not "especially complex or intricate" and that the application of this Specific Offense Characteristic is not warranted.

Page 5 – Paragraphs 29, 30 & 71: Mr. McPhillips contends that the Final Adjusted Offense Level should be 12 (Base Offense of 6; add 8 for loss; minus 2 for acceptance of responsibility)

Page 6 – Paragraph 34: Mr. McPhillips would like the PSR to note this position that the citation for driving on a revoked license occurred due to an error in the Motor Vehicle Administration's computer system, and that is why it was entered *nolle prosequi*.

Page 7 – Paragraph 43: Mr. McPhillips asks that the paragraph be modified to note that he had voluntarily paid child support from the time of the child's birth. There was never a child support order per se. The only order occurred a few years after Tyler was born, during a custody case between Tyler's mother and his grandmother. The grandmother was awarded custody of the children and, as part of that custody order, the judge directed Mr. McPhillips to continue to pay the support he was already paying. Mr. McPhillips further noted that he voluntarily paid child support as he wanted to be part of Tyler's life and wanted to support his childhood development.

Page 8 – Paragraph 46: Mr. McPhillips has obtained copies of the medial reports which confirm the HMSN Type I condition which, if not already received, will be forwarded. The third sentence has a typo and should state that there is no "treatment or cure" and not "treatment or care."

Page 8 – Paragraph 46: Mr. McPhillips notes that he has sent the medical records from the surgeon who performed the gall bladder surgery. Please advise if you have not received the records.

Page 8 – Paragraph 48: Mr. McPhillips is requesting that the third, fourth and fifth sentences be changed to read that "He has not used the drug in recent years because there has not bee a situation where he wanted to use it. H admits that, prior to the filing

Letter to Rebecca Chaiken
March 1, 2006
Page three

of the instant charges, if such a situation arose, he may have used the drug. Considering his present circumstances, he knows that that he not use any illicit drugs."

    Page 9 – Paragraph 56:  Mr. McPhillips notes that Moone Group was the employment service company used at CCNow to handle payroll and HR.

    Page 12 – Paragraph 66:  Mr. McPhillips notes that he has driven to Mexico a few times while on vacation to shop and buy gifts in the tourist spots.  There were no money transfers of any kind while he was in Mexico.

    Mr. McPhillips acknowledges that he sends wire transfers overseas for a friend whose mother resides in Thailand and sister resides in Australia.

    Page 14 – paragraph 81:  Mr. McPhillips will pay his special assessment of $100.00 prior to sentencing.

    If you have any questions regarding these comments, please give me a call.

Sincerely,

Robert C. Bonsib

RCB/dmc
cc: Assistant United States Attorney Joe Dixon